# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **KALDREN LLC,** <br><br> Plaintiff, <br><br> v. <br><br> **TRIPPE MANUFACTURING COMPANY DBA TRIPP LITE,** <br><br> Defendant. | No. \_:17-cv-\_\_\_\_\_ <br><br> **JURY TRIAL DEMANDED** |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Kaldren LLC, by and through its undersigned counsel, files its Original Complaint for Patent Infringement and alleges based on knowledge as to itself and information and belief as to the Defendant as follows.

## THE PARTIES

1. Plaintiff Kaldren LLC is a Texas limited liability company with a principal office at 555 Republic Drive, Suite 289, Plano, Texas 75074-5481.

2. Defendant Trippe Manufacturing Company dba Tripp Lite is an Illinois corporation with a regular and established place of business at 1111 West 35th Street, Chicago, Illinois 60609. Defendant may be served with process via its registered agent: Illinois Corporation Service C, 801 Adlai Stevenson Drive, Springfield, Illinois 62703.

## JURISDICTION AND VENUE

3. This action arises under the Patent Act, 35 U.S.C. § 1 *et seq*.

4. Subject matter jurisdiction is proper in this Court under 28 U.S.C. §§ 1331 and 1338.

5. Upon information and belief, this Court has personal jurisdiction over Defendant because (i) Defendant conducts business in this Judicial District, directly or through intermediaries; (ii) at least a portion of the alleged infringements occurred in this Judicial

District; and (iii) Defendant regularly solicits business, engages in other persistent courses of conduct, or derives revenue from goods and services provided to individuals in this Judicial District.

6. Venue is proper in this Judicial District under 28 U.S.C. § 1400(b).

## THE PATENTS-IN-SUIT

7. On August 8, 2000, the U.S. Patent and Trademark Office issued U.S. Patent No. 6,098,882 ("the 882 Patent"), entitled "Variable Formatting of Digital Data Into a Pattern." A true and correct copy of the 882 Patent is attached at Exhibit A.

8. On January 23, 2001, the U.S. Patent and Trademark Office issued U.S. Patent No. 6,176,427 ("the 427 Patent"), entitled "Variable Formatting of Digital Data Into a Pattern." A true and correct copy of the 427 Patent is attached at Exhibit B.

9. On November 23, 2004, the U.S. Patent and Trademark Office issued U.S. Patent No. 6,820,807 ("the 807 Patent"), entitled "Variable Formatting of Digital Data Into a Pattern." A true and correct copy of the 882 Patent is attached at Exhibit C.

10. On October 9, 2012, the U.S. Patent and Trademark Office issued U.S. Patent No. 8,281,999 ("the 999 Patent"), entitled "Variable Formatting of Digital Data Into a Pattern." A true and correct copy of the 999 Patent is attached at Exhibit D.

11. The 882, 427, 807, and 999 Patents are presumed valid under 35 U.S.C. § 282(a).

12. Plaintiff is the owner and assignee of all substantial rights, title, and interest in the 882, 427, 807, and 999 Patents.

## THE ACCUSED PRODUCT

13. Defendant makes, uses (including testing by Defendant), sells, offers for sale, or imports one or more products that infringe one or more claims of the 882, 427, 807, and 999 Patents.

14. Defendant's Accused Product is its Quick Response ("QR") Codes that it makes and uses (including testing) with the sales and offering for sale of its products and services.

## COUNT I
## DIRECT INFRINGEMENT OF U.S. PATENT NO. 6,098,882

15. Plaintiff incorporates by reference each of its foregoing allegations.

16. Without license or authorization and in violation of 35 U.S.C. § 271(a), Defendant directly infringes one or more claims of the 882 Patent in this District and throughout the United States, literally or under the doctrine of equivalents, by making and using (including testing) its Accused Product with the sales and offering for sale of its products and services as shown in Exhibit E.

17. The claims of the 882 Patent are understandable to a person of ordinary skill in the art who has the requisite education, training, and experience with the technology at issue in this case.

18. A person of ordinary skill in the art understands Plaintiff's theory of how Defendant's Accused Product infringes the claims of the 882 Patent upon a plain reading of this Complaint, the 882 Patent, and Exhibit E.

19. Plaintiff reserves the right to modify its infringement theories as discovery progresses in this case; it shall not be estopped for infringement contention or claim construction purposes by the claim charts that it provides with this Complaint. The claim charts are intended to satisfy the notice requirements of Rule 8(a)(2) of the Federal Rule of Civil Procedure; it does not represent Plaintiff's preliminary or final infringement contentions or preliminary or final claim construction positions.

20. Since at least the date that Defendant was served with a copy of this Complaint, Defendant has known that its Accused Product directly infringes one or more claims of the 882 Patent.

## COUNT II
## DIRECT INFRINGEMENT OF U.S. PATENT NO. 6,176,427

21. Plaintiff incorporates by reference each of its foregoing allegations.

22. Without license or authorization and in violation of 35 U.S.C. § 271(a), Defendant directly infringes one or more claims of the 427 Patent in this District and throughout the United States, literally or under the doctrine of equivalents, by making and using (including testing) its Accused Product with the sales and offering for sale of its products and services as shown in Exhibit F.

23. The claims of the 427 Patent are understandable to a person of ordinary skill in the art who has the requisite education, training, and experience with the technology at issue in this case.

24. A person of ordinary skill in the art understands Plaintiff's theory of how Defendant's Accused Product infringes the claims of the 427 Patent upon a plain reading of this Complaint, the 427 Patent, and Exhibit F.

25. Plaintiff reserves the right to modify its infringement theories as discovery progresses in this case; it shall not be estopped for infringement contention or claim construction purposes by the claim charts that it provides with this Complaint. The claim charts are intended to satisfy the notice requirements of Rule 8(a)(2) of the Federal Rule of Civil Procedure; it does not represent Plaintiff's preliminary or final infringement contentions or preliminary or final claim construction positions.

26. Since at least the date that Defendant was served with a copy of this Complaint, Defendant has known that its Accused Product directly infringes one or more claims of the 427 Patent.

### COUNT III
### DIRECT INFRINGEMENT OF U.S. PATENT NO. 6,820,807

27. Plaintiff incorporates by reference each of its foregoing allegations.

28. Without license or authorization and in violation of 35 U.S.C. § 271(a), Defendant directly infringes one or more claims of the 807 Patent in this District and throughout the United States, literally or under the doctrine of equivalents, by making and using (including testing) its

-5-

Accused Product with the sales and offering for sale of its products and services as shown in Exhibit G.

29. The claims of the 807 Patent are understandable to a person of ordinary skill in the art who has the requisite education, training, and experience with the technology at issue in this case.

30. A person of ordinary skill in the art understands Plaintiff's theory of how Defendant's Accused Product infringes the claims of the 807 Patent upon a plain reading of this Complaint, the 807 Patent, and Exhibit G.

31. Plaintiff reserves the right to modify its infringement theories as discovery progresses in this case; it shall not be estopped for infringement contention or claim construction purposes by the claim charts that it provides with this Complaint. The claim charts are intended to satisfy the notice requirements of Rule 8(a)(2) of the Federal Rule of Civil Procedure; it does not represent Plaintiff's preliminary or final infringement contentions or preliminary or final claim construction positions.

32. Since at least the date that Defendant was served with a copy of this Complaint, Defendant has known that its Accused Product directly infringes one or more claims of the 807 Patent.

## COUNT IV
## DIRECT INFRINGEMENT OF U.S. PATENT NO. 8,281,999

33. Plaintiff incorporates by reference each of its foregoing allegations.

34. Without license or authorization and in violation of 35 U.S.C. § 271(a), Defendant directly infringes one or more claims of the 999 Patent in this District and throughout the United States, literally or under the doctrine of equivalents, by making and using (including testing) its Accused Product with the sales and offering for sale of its products and services as shown in Exhibit H.

35. The claims of the 999 Patent are understandable to a person of ordinary skill in the art who has the requisite education, training, and experience with the technology at issue in this case.

36. A person of ordinary skill in the art understands Plaintiff's theory of how Defendant's Accused Product infringes the claims of the 807 Patent upon a plain reading of this Complaint, the 999 Patent, and Exhibit H.

37. Plaintiff reserves the right to modify its infringement theories as discovery progresses in this case; it shall not be estopped for infringement contention or claim construction purposes by the claim charts that it provides with this Complaint. The claim charts are intended to satisfy the notice requirements of Rule 8(a)(2) of the Federal Rule of Civil Procedure; it does not represent Plaintiff's preliminary or final infringement contentions or preliminary or final claim construction positions.

38. Since at least the date that Defendant was served with a copy of this Complaint, Defendant has known that its Accused Product directly infringes one or more claims of the 999 Patent.

**PRAYER FOR RELIEF**

Plaintiff requests the following relief:

A. Judgment that Defendant has directly infringed the 882, 427, 807, and 999 Patents under 35 U.S.C. § 271(a);

B. An accounting of all infringing acts including, but not limited to, those acts not presented at trial;

C. An award of damages under 35 U.S.C. § 284 adequate to compensate Plaintiff for Defendant's past and future infringement, including any infringement from the date of filing of this Complaint through the date of judgment, together with interest and costs;

D. Judgment that this case is exceptional under 35 U.S.C. § 285 and an award of Plaintiff's reasonable attorneys' fees and costs; and

E. Such further relief at law or in equity that this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable under Federal Rule of Civil Procedure 38(b).

Dated: August __, 2017     Respectfully submitted,

OF COUNSEL:
Peter J. Corcoran, III                    /s/_____
Texas State Bar No. 24080038
**CORCORAN IP LAW, PLLC**
2019 Richmond Road, Suite 380
Texarkana, Texas 75503                    *Counsel for Plaintiff*
Tel: (903) 701-2481                       *Kaldren LLC*
Fax: (844) 362-3291
Email: peter@corcoranip.com

Mary K. Schulz, 6183773
Media Litigation Firm, P.C.
1144 E. State Street, Suite A260
Geneva, IL 60134
312.213-7196
medialitigationfirm@gmail.com